O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

FRANCIS XAVIER LUCERO,                 )       NO. EDCV 14-1485-JFW (MAN)
                                        )
            Petitioner,                 )       ORDER: DISMISSING PETITION WITHOUT
                                        )       PREJUDICE; AND DENYING CERTIFICATE
        v.                              )       OF APPEALABILITY
                                        )
STATE OF CALIFORNIA, et al.,            )
                                        )
            Respondents.                )
_____)

        On July 18, 2014, Petitioner, a California prisoner, filed a 28 U.S.C. § 2254 habeas petition ("Petition").  Petitioner alleges that he is in custody pursuant to a conviction sustained, and sentenced imposed, in Riverside Superior Court Case No. RIF141320, although he does not remember the date his sentence was imposed or its terms, nor does he identify the crime(s) of which he was convicted.  The allegations of the Petition are confusing, as is the nature of Petitioner's federal habeas claims. Petitioner appears to contend that:  he was "illegally arrested" on a DUI charge, even though there was "no victim"; he was subjected to an illegal search and seizure; while held in jail, he was assaulted and injured by other inmates, yet he was charged with assault with force likely to produce great bodily injury, even though no one sustained great bodily injury; his counsel failed to make "motions to demurrer & suppress"; and his sentence has been enhanced illegally.  Petitioner also appears to be challenging a separate conviction sustained

1  by a "witness" named Robin Gillen Starr in Yolo County, California.

2

3       A number of problems with the Petition are readily apparent.  As a *pro se* prisoner,

4  Petitioner may not pursue habeas or any relief on behalf of others, including Mr. Starr.[1]  *See, e.g.,*

5  C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987) (a layperson acting in

6  *pro per* may not appear or seek relief on behalf of others); McShane v. United States, 366 F.2d

7  286, 288 (9th Cir. 1966) (same); Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962) ("A

8  litigant appearing in propria persona has no authority to represent anyone other than himself.")

9  (*per curiam*); *see also* Local Rule 83-2.10.2.  As Petitioner is incarcerated at Salinas Valley State

10  Prison, the only appropriate Respondent is the Warden of that facility (R.T.C. Grounds).  *See* Rule

11  2(a) of the Rules Governing Section 2254 Cases in the United States District Courts; Smith v.

12  Idaho, 392 F.3d 350, 354-55 (9th Cir. 2004); Stanley v. California Supreme Court, 21 F.3d 359,

13  360 (9th Cir. 1994).  Petitioner has named numerous inappropriate Respondents, however,

14  including the State of California, its Governor and Attorney General, the Secretary and the Chief

15  Medical Officer of the California Department of Corrections & Rehabilitation, and someone named

16  "A.W.R. Binkele."  Moreover, as Petitioner has violated Local Rule 83-16.1 and Rule 2(d) of the

17  Rules Governing Section 2254 Cases in the United States District Courts by failing to use the

18  Section 2254 habeas petition form required to be used in this District, he has failed to provide the

19  information required so that the Court can assess whether the Petition is facially timely and

20  exhausted.

21

22       Although leave to amend would allow Petitioner to omit the portion of the Petition that

23  seeks relief on behalf of third party Starr and to correct the other above-noted defects, granting

24  him leave to amend would be futile and inappropriate.  Rule 4 of the Rules Governing Section

25  2254 Cases in the United States District Courts provides that a petition for writ of habeas corpus

26  _____

27      [1]  Even if Petitioner could seek habeas relief on Mr. Starr's behalf and/or jointly with

28  him, this district is not the correct venue for a federal habeas challenge to a conviction sustained in Yolo County, California, which is located within the jurisdictional boundaries of the United States District Court for the Eastern District of California.

1  "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits

2  that the petitioner is not entitled to relief in the district court."   Rule 4 summary dismissal is

3  required here, because it plainly appears that the Petition is unexhausted.[2]

4

5  Federal courts may not grant habeas relief to a person held in state custody unless the

6  petitioner has exhausted his available state court remedies as to each of the issues presented.

7  28 U.S.C. § 2254(b)(1)(A); Rose v. Lundy, 455 U.S. 509, 518, 102 S. Ct. 1198, 1203 (1982);

8  Fields v. Waddington, 401 F.3d 1018, 1020 (9th Cir. 2005) ("We may review the merits of

9  Petitioner's habeas petition only if he exhausted state court remedies.").   "[T]he exhaustion

10  doctrine is designed to give the state courts a full and fair opportunity to resolve federal

11  constitutional claims *before* those claims are presented to the federal courts." O'Sullivan v.

12  Boerckel, 526 U.S. 838, 845, 119 S. Ct. 1728, 1732 (1999) (emphasis added); *see also* Baldwin

13  v. Reese, 541 U.S. 27, 29, 124 S. Ct. 1347, 1349 (2004) (to give the State the chance to pass

14  upon and resolve violations of his federal rights, a state prisoner must exhaust his available state

15  remedies before seeking federal habeas relief).

16

17  To satisfy the exhaustion requirement, a petitioner must "fairly present" his federal claim

18  to the state courts, *i.e.*, give them a fair opportunity to consider and correct violations of the

19  prisoner's federal rights.  *See* Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 888 (1995);

20  Peterson v. Lampert, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (*en banc*).  A state prisoner seeking

21  relief with respect to a California conviction is required to fairly present his federal claims to the

22  California Supreme Court.  *See* Baldwin, 541 U.S. at 29, 124 S. Ct. at 1349 (a state prisoner must

23  fairly present his claim to a state supreme court having the power of discretionary review);

24  Keating v. Hood, 133 F.3d 1240, 1242 (9th Cir. 1998).

25

26

27  _____

   [2]     The Court may raise exhaustion problems *sua sponte*. Boyd v. Thompson, 147 F.3d
28  1124, 1127-28 (9th Cir. 1998); Stone v. City and County of San Francisco, 968 F.2d 850, 856 (9th
   Cir. 1992).

1    Petitioner alleges that he appealed his conviction through Case No. B256351, which he filed
2    in the California Court of Appeal.  The Court has reviewed the dockets for the California Supreme
3    Court and the California Court of Appeal, which are available electronically,[3] and takes judicial
4    notice of their contents pursuant to Rule 201 of the Federal Rules of Evidence.  A search of those
5    dockets shows that Petitioner has not filed *any* proceeding in the California Supreme Court.  He
6    did file a habeas petition related to Superior Court Case No. RIF141320 in the California Court of
7    Appeal, Second Appellate District (Case No. B256351) on May 20, 2014, which was denied without
8    prejudice on June 2, 2014, so that Petitioner could present the petition to the Fourth Appellate
9    District, which is the appropriate California Court of Appeal given that his conviction was sustained
10   in Riverside County.  There is no record indicating that Petitioner has filed a habeas petition in
11   the California Court for Appeal, Fourth Appellate District.  Thus, Petitioner has not exhausted his
12   present claims, because they have not been considered by any California Court of Appeal and,
13   critically, they have not been presented to the California Supreme Court.

14

15   Accordingly, the instant Petition is unexhausted, because Petitioner did not present his
16   claims to the California Supreme Court before he sought federal habeas relief.  Because the
17   Petition is fully unexhausted, it must be dismissed without prejudice.  <u>Rose</u>, 455 U.S. at 522, 102
18   S. Ct. at 1205.[4]

19

20

21

22        [3]    *See* http://appellatecases.courtinfo.ca.gov.

23        [4]    Under prevailing law, a fully unexhausted federal habeas petition may not be stayed
     and must be dismissed.  *See, e.g.,* <u>Rasberry v. Garcia</u>, 448 F.3d 1150, 1154 (9th Cir. 2006)
24   (holding that a fully unexhausted petition may not be stayed and observing:  "Once a district
     court determines that a habeas petition contains only unexhausted claims, it need not inquire
25   further as to the petitioner's intentions.  Instead, it may simply dismiss the habeas petition for
     failure to exhaust."); <u>Jones v. McDaniel</u>, 320 Fed. Appx. 784, 786 (9th Cir. 2009) (affirming the
26   dismissal of a fully unexhausted petition and denial of a stay, because a "*Rhines* stay is only
     available for a mixed habeas petition where at least some of the claims have been exhausted, and
27   none of [petitioner's] claims were exhausted"); <u>Jiminez v. Rice</u>, 276 F.3d 478, 481 (9th Cir. 2001)
     (a district court is "'obliged to dismiss immediately'" a petition that contains no exhausted claims)
28   (citation omitted).

For the foregoing reasons, it is plain from the face of the Petition that summary dismissal of the Petition is required, because it is unexhausted.  Accordingly, IT IS ORDERED that:  the Petition is dismissed, without prejudice, for failure to exhaust available state remedies; and Judgment shall be entered dismissing this action without prejudice.

In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability is warranted in this case.  *See* 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000).  The Court concludes that a certificate of appealability is unwarranted and, thus, a certificate of appealability is DENIED.

DATED: July 24, 2014.

_____
JOHN F. WALTER
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

5